# KRAMER LEVIN NAFTALIS & FRANKEL LLP

HAROLD P. WEINBERGER<br>
PARTNER<br>
PHONE 212-715-9132<br>
FAX 212-715-8132<br>
HWEINBERGER@KRAMERLEVIN.COM

October 15, 2014

By E-Mail (sullivannysdchambers@nysd.uscourts.gov)

The Honorable Richard J. Sullivan
United States District Court
  for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York  10007

Re:    *Johnson & Johnson v. Guidant*, 06 CV 7685 (RJS)

Dear Judge Sullivan:

       As you know, we represent plaintiff Johnson & Johnson ("J&J") in the above-referenced matter. We write in connection with the prospective treatment of materials marked "confidential" during discovery phase of this matter.

       On October 10, 2014, J&J and defendant Guidant Corporation ("Guidant") filed a Joint Proposed Pre-Trial Order and certain other materials called for by an Order of this Court dated August 6, 2014 (together, the "JPTO Filings"). We submitted these filings under seal pursuant to a Stipulation and Order for the Production and Exchange of Confidential Information so ordered by this Court on February 27, 2008 (the "Confidentiality Order") (Dkt. No. 44, copy enclosed) because some of the materials therein had been designated as confidential when disclosed during discovery.

       Paragraph 8 of the Confidentiality Order provides that materials designated as confidential during discovery may be used "as evidence at any hearing or the trial of this Litigation, in open court" without violating the order. In light of (i) the parties' intent to offer the materials attached to (and referenced in) the JPTO Filings as evidence in open court during trial, and perhaps to refer to some of them at the pre-trial conference scheduled for October 31; (ii) the parties' previous statements to the Court that there was no need to keep the summary judgment submissions under seal; and (iii) the fact that the materials relate to events which occurred more than eight years ago, J&J does not believe that there is any basis for continuing to keep the JPTO Filings under seal.

       Accordingly, we respectfully request that, pursuant to paragraphs 18 and 20 of the Confidentiality Order, the Court modify the Order so that the JPTO Filings may be publicly docketed and that future submissions in this case need not be filed under seal. We have

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Hon. Richard J. Sullivan
October 15, 2014
Page 2

conferred with Guidant's counsel and can convey that they take "no position" with respect to this request. While Paragraph 18 of the Confidentiality Order requires that notice of this request need only be given to Guidant as a "Party" to the Order, we have copied on this letter counsel or other designated representatives of various third parties who may have produced "Discovery Materials" pursuant to the Confidentiality Order.

    Thank you for your consideration of this request.

                        Respectfully,

                        Harold P. Weinberger

Enclosure

cc: John Gueli, counsel for Guidant, Boston Scientific Corporation, Arnold & Porter LLP, and Shearman & Sterling LLP (via e-mail: jgueli@shearman.com)
    William Ohlemeyer, counsel for Guidant and Boston Scientific Corporation (via e-mail: wohlemeyer@bsfllp.com)
    Boris Feldman, counsel for Guidant (via e-mail: bbahns@wsgr.com)
    Lawrence Spiegel, counsel for Skadden, Arps, Meagher & Flom LLP, JP Morgan, Bear Stearns (via e-mail: lawrence.spiegel@skadden.com)
    Kelley Klaus, counsel for Abbott Laboratories (via e-mail: Kelly.Klaus@mto.com)
    Jayma Meyer, counsel for Simpson Thacher LLP (via e-mail: jmeyer@stblaw)
    Steven J. Pearl, counsel for Lazard, Ltd (via e-mail: steven.pearl@lazard.com)
    Curtis Edge, as designee for Bank of America and Merrill Lynch (via fax 980-233-7070)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
JOHNSON & JOHNSON, a New Jersey
Corporation,

        Plaintiff/Counterclaim Defendant,

    - against -

GUIDANT CORPORATION, an Indiana
Corporation,

        Defendant/Counterclaim Plaintiff.
-----------------------------------------x

No. 06 CV 7685 (GEL)

## STIPULATION AND ORDER FOR THE PRODUCTION
## AND EXCHANGE OF CONFIDENTIAL INFORMATION

        WHEREAS, Guidant Corporation ("Guidant") and Johnson & Johnson ("J&J") are parties to the above-captioned litigation (the "Litigation");

        WHEREAS, Guidant and J&J (each a "Party" and, collectively, the "Parties") are presently engaged in the process of discovery in the Litigation;

        WHEREAS, discovery may involve the production of certain information and documents that the Parties believe to be confidential and sensitive personal, commercial, proprietary, financial, or business information, the public disclosure of which could be harmful to them or their shareholders:

        IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the approval of the Court, that the following Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given, or exchanged in connection with discovery in the Litigation ("Discovery Material").

NYDOCS04/486675.5

1.      All Discovery Material, and any documents or information derived therefrom, shall be used solely for purposes of the Litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative, or arbitral proceeding.

2.      Any person or entity producing Discovery Material in the Litigation (a "Producing Party") may designate Discovery Material produced by it as "Confidential" if the Producing Party believes in good faith that such Discovery Material contains or reflects non-public confidential, personal, financial, proprietary, or commercially sensitive information (all such designated material being referred to as "Confidential Discovery Material"). All information derived from Confidential Discovery Material, including but not limited to extracts, summaries, and descriptions of such material, shall be treated as Confidential in accordance with the provisions of this Stipulation and Order. Any Party receiving Confidential Discovery Material may object to such designation and request the removal of such designation, initially by contacting the Producing Party and thereafter by Court intervention under the procedures in paragraph 12 of this Stipulation and Order.

3.      The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner:

   a. In the case of documents (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; provided, however, that if a Producing Party inadvertently produces Discovery Material that it considers to be "Confidential" without such designation, the Producing Party may designate such Discovery Material as

NYDOCS04/486675.5                                2

"Confidential" by delivering written notice of such designation and properly designated copies of such Discovery Material promptly after discovering that the information was inadvertently produced, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this Stipulation and Order to Confidential Discovery Material;

b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all Parties within ten business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. All deposition transcripts and other pretrial testimony shall be treated as Confidential Discovery Material until the expiration of the tenth business day after receipt by counsel of a copy of the transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

4. A recipient of Confidential Discovery Material may disclose, summarize, describe, characterize or otherwise communicate or make available such Confidential Discovery Material in whole or in part only to the following persons:

a. (i) The following in-house counsel for the Parties (or the parent of a Party): for Guidant and Boston Scientific Corporation, Paul W. Sandman, Lawrence J. Knopf,

Peter Gafner, and Jeffrey A. Kruse; and for J&J, Russell Depo, Esq., Taysen Van Itallie, Esq., Eric I. Harris, Esq., William Craco, Esq., and James R. Hilton, Esq.; (ii) additional in-house counsel for the Parties (or the parent of a Party), provided that such additional in-house counsel are identified in writing to the other Party five business days before such additional in-house counsel are given access to Confidential Discovery Material; (iii) outside counsel who represent a Party (or the parent of a Party) in this Litigation; and (iv) the regular and temporary employees and service vendors of such in-house and outside counsel (including outside copying services and outside litigation support services) assisting in the conduct of the Litigation; provided, however, that in all instances any disclosure may solely be for use in accordance with this Stipulation and Order;

b. Subject to paragraph 6 hereof, experts or consultants and their employees and/or staff members engaged to assist counsel for a Party in the Litigation;

c. The Court, pursuant to paragraphs 7 and 8 of this Stipulation and Order;

d. Court reporters employed by the Court or in connection with the Litigation;

e. Any current director, officer, or employee of the Party (or the Parent of the Party) that produced such Confidential Discovery Material (and former directors, officers, or employees, provided that they were directors, officers, or employees at the time the Confidential Discovery Material was created);

f. Any person who is identified as the author or recipient of such Confidential Discovery Material (whether by the Confidential Discovery Material itself or any other Discovery Material, including by testimony), or who is referred to in such Confidential Discovery Material; and

NYDOCS04/486675.5        4

    g. Any other person only upon order of the Court or upon stipulation of the Producing Party.

5. Every person given access to Confidential Discovery Material or information contained therein:

    a. Shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for use in connection with the Litigation, and each such copy is to be treated in accordance with the provisions of this Stipulation and Order; and

    b. Shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof.

6. Confidential Discovery Material may be provided to persons listed in paragraph 4(b) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation, provided that such expert or consultant is using said Confidential Discovery Material solely in connection with this Litigation and *provided further* that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto.

7. In the event that counsel for any Party determines to file with the Court any Confidential Discovery Material or document treated as Confidential subject to the provisions of this Stipulation and Order, such document shall be submitted in a sealed envelope, clearly designated as "Confidential Pursuant to Court Order Dated _____, 200\_." Only those documents or portions of documents containing Confidential Discovery Material shall be filed in a

sealed envelope as set forth herein. Nothing in this Stipulation or Order shall preclude a Party from applying to the Court for any further protective order relating to any document.

8. Any documents designated as "Confidential" may be used in any proceeding in the Litigation, including, if otherwise permissible, as evidence at any hearing or the trial of the Litigation, in open court, or on appeal, without violation of this Stipulation and Order, but Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Nothing in this Stipulation and Order, however, shall preclude a Party from seeking an appropriate protective order from the Court, should that Party seek to maintain the confidentiality of material used in open court.

9. Entering into or agreeing to this Stipulation and Order, and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order, shall not:

   a. Operate as an admission by the receiving Party that any particular Discovery Material designated as Confidential by the Producing Party is appropriately designated as such;

   b. Prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

   c. Prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Discovery Material; or

   d. Prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

NYDOCS04/486675.5                                  6

10. Nothing in this Stipulation and Order shall bar or otherwise restrict counsel for any Party from rendering advice to their client with respect to the Litigation, and in the course thereof, from relying upon the examination of Confidential Discovery Material; provided, however, that in rendering such advice, and in otherwise communicating with their client, counsel shall not disclose the contents of Confidential Discovery Material except in accordance with the terms of this Stipulation and Order.

11. If any document or information protected from discovery by the attorney-client privilege, work-product doctrine, the exemption for trial preparation material, or on any other ground is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled, provided that, promptly after discovering that the document or information was inadvertently produced, the Producing Party requests in writing (a "Return Request") that the other Party(ies) return all Discovery Material as to which the claim of inadvertent production has been made and destroy all copies or other material derived therefrom. All Discovery Material covered by a Return Request shall be returned and/or destroyed as requested within five business days of receipt of the Return Request unless the Return Request is objected to. Any Party that objects to a Return Request shall not use the Discovery Material covered by the Return Request (or any material derived therefrom) for any purpose without giving the Producing Party 30 calendar days prior written notice of the intended use (if a Return Request is received by a Party within this 30-day notice period, *i.e.*, fewer than 30 days before the intended use of the Discovery Material, the Party receiving the Return Request shall, if it objects to the Return Request, give prompt notice of its objection). Upon receiving such notice, the Producing Party must file a motion with the

Court within 10 business days to establish the protected status of the Discovery Material or the Producing Party's claim will be deemed waived. The Discovery Material will be treated as privileged upon the submission of a Return Request and until the Producing Party waives its claim of protection (expressly or by failing to make a motion with the Court within the allotted time) or the issue is resolved by the Court or the Parties. In no case will any party contend that Discovery Material is not protected from production because it was produced in the Litigation.

12. No Party is obliged to challenge the designation of any Discovery Material as "Confidential" at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a Party wishes to challenge the designation of any Discovery Material as "Confidential," the Party shall give written notice to counsel for the Producing Party (and the Parties, if the Producing Party is a non-party) that the "Confidential" designation is being challenged. The Producing Party shall deliver to the challenging Party's counsel, within five business days after the Producing Party receives the notice of challenge, a written response in which the Producing Party states its agreement or refusal to withdraw the challenged designation. If the Producing Party does not respond to any notice of challenge within that five-day period, the Discovery Material shall not be deemed to constitute Confidential Discovery Material after the expiration of that five-day period. If the Producing Party does respond within that five-day period and refuses to withdraw the challenged designation, then, within ten business days thereafter, the Party purporting to challenge the designation shall waive any such challenge unless it applies to the Court for an order or ruling holding that the challenged Discovery Material should not be deemed "Confidential." Any Discovery Material as to which such an application is made shall continue to be treated as Confidential Discovery Material until

the Court's decision on such an application is issued. The Party designating Discovery Material as Confidential shall have the burden of proof that such designation is appropriate.

13. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation. Within 30 business days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including without limitation any appeals therefrom, all persons having received Confidential Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party of such Confidential Discovery Material or destroy all such Confidential Discovery Material and certify that fact to counsel for the Producing Party. Outside counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including discovery material containing Confidential Discovery Material); provided, however, that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof pursuant to the terms of this Stipulation and Order.

14. If any person receiving documents covered by this Stipulation and Order (the "Receiver") is subpoenaed in another action or proceeding or served with a document demand or other similar legal process in another proceeding (including any proceeding before any other court, arbitral panel, regulatory agency, law enforcement or administrative body), and such subpoena or document demand seeks Confidential Discovery Material which was produced by a person or entity other than the recipient of such subpoena, the Receiver (i) shall give written notice, as promptly as and to the extent reasonably practicable, by hand or facsimile transmission, to counsel for the person or entity who designated the Discovery Material as "Confidential"; and (ii) shall object to the production of such Confidential Discovery Material on the grounds of the

NYDOCS04/486675.5                               9

existence of this Stipulation and Order. The burden of opposing the enforcement of the subpoena or document demand shall fall upon the person or entity who designated the Discovery Material as "Confidential". Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation and Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

15. This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Discovery Material for any purpose. Nothing contained herein (i) shall impose any restrictions on the use or disclosure by a Party of any Confidential Discovery Material obtained lawfully by such Party independently of the discovery proceedings in this Litigation, or (ii) prevent a Party from disclosing Confidential Discovery Material to any individual to whom the Producing Party previously provided the Confidential Discovery Material.

16. The Parties to the Litigation agree that the production of any Discovery Material by any non-party to the Litigation may be subject to and governed by the terms of this Stipulation and Order with the exception that a Party may not designate as "Confidential" any materials produced by a non-party unless such material was prepared for the Party or in connection with work done for the Party or is derived from, consists of and/or includes, in whole or in part, Confidential Discovery Material of a Party.

17. Nothing herein is intended to or shall have the effect of altering any of the terms and conditions pursuant to which documents and information were shared among or made available to the Parties and their representatives or agents prior to the Litigation.

NYDOCS04/486675.5                               10

18. It is the present intention of the Parties that the provisions of this Stipulation and Order shall govern discovery in the Litigation. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other Parties hereto for good cause.

19. The Parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, or an alternative thereto which is satisfactory to the Parties and the Court, and any violation of the terms of this Stipulation and Order while entry by the Court is pending shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court. Any violation of the terms of this Stipulation and Order shall be punishable by relief deemed appropriate by the Court.

20. This Stipulation and Order is not binding on the Court or Court personnel.

The Court may amend this Stipulation and Order at any time.

Dated: New York, New York
February 26, 2008

| KRAMER LEVIN NAFTALIS & FRANKEL LLP | SHEARMAN & STERLING LLP |
|---|---|
| By: _____ <br> Harold P. Weinberger (HW 3240) <br> Timothy J. Helwick (TH 5833) | By: _____ <br> Stuart J. Baskin (SB 9936) <br> John Gueli (JG 8427) <br> Daniel M. Segal (DS 2106) |
| 1177 Avenue of the Americas <br> New York, NY 10036 <br> (212) 715-9000 | 599 Lexington Avenue <br> New York, NY 10022 <br> (212) 848-4000 |
| Attorneys for Johnson & Johnson | Attorneys for Guidant Corporation |

SO ORDERED:

_____
Hon. Gerard E. Lynch

2/27/08

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOHNSON & JOHNSON, a New Jersey
Corporation,

    Plaintiff,

  - against -

GUIDANT CORPORATION, an Indiana
Corporation,            Docket No: 06 CV 7685 (GEL)

    Defendant.
---------------------------------------------------------------x

  I hereby certify (i) my understanding that Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order"), and (ii) that I have read the Stipulation and Order. I understand the terms of the Stipulation and Order, and I agree to be fully bound by its terms. Upon the conclusion of the Litigation and any appeals related thereto, or when I no longer have any reason to possess the Confidential Discovery Material, whichever shall first occur, I hereby agree to return all copies of information designated as "Confidential" to the party who furnished the same to me or certify that the same has been destroyed.

Dated:_____  Signature:_____